### DALTON–KELLY COAL CORPORATION et al. v. TAPLIN et al.

(Circuit Court of Appeals, Fourth Circuit. July 19, 1921.)

No. 1905.

Appeal and error ⚖=1174—Order granting preliminary injunction modified on condition of execution of substitute bond.

    An order, granting a preliminary injunction in a suit by a minority stockholder of a coal company, alleging fraud in a contract for the sale by the company of a large quantity of coal to a defendant corporation, modified on condition of the execution of a bond by such corporation sufficient to protect the rights of the coal company.

Appeal from the District Court of the United States for the Southern District of West Virginia, at Huntington; Charles A. Woods, Judge.

Suit in equity by F. E. Taplin, trustee, and others, against the Dalton-Kelly Coal Corporation and others. From an order granting a preliminary injunction, defendants appeal. Modified, on conditions.

E. L. Hogsett and John H. Holt, both of Huntington, W. Va., for appellants.

Douglas W. Brown, of Huntington, W. Va., and C. F. Taplin, of Cleveland, Ohio (Rolla D. Campbell and Fitzpatrick, Campbell, Brown & Davis, all of Huntington, W. Va., on the brief), for appellees.

Before KNAPP and WADDILL, Circuit Judges, and BOYD, District Judge.

PER CURIAM. The facts of the case are briefly these: The complainant, F. E. Taplin, trustee, a minority stockholder in the Main

Island Creek Coal Company, filed his bill against the Dalton-Kelly Coal Corporation, the Atlantic Fuel & Steamship Company, the officers and directors of the Main Island Creek Coal Co., A. J. Dalton, and John A. Kelly, charging that said Dalton and Kelly own a majority of the stock of Main Island Creek Coal Company and are respectively its president and secretary and treasurer, and that by reason of their official position, and as the owners of the majority of the stock of the company, they caused the Dalton-Kelly Coal Corporation and the Atlantic Fuel & Steamship Company to be organized, with a view of diverting the assets of the Main Island Creek Coal Company, and that through the instrumentality of said two companies, which they also dominated and controlled, they had largely diverted and transferred away from said company valuable parts of its assets; the specific charge being that the Dalton-Kelly Coal Corporation caused to be made with the Main Island Creek Coal Company, the latter company acting through John A. Kelly, its secretary and treasurer, and the Dalton-Kelly Coal Corporation through G. M. Angell, secretary, alleged to be a tool of the said Dalton and Kelly, a contract for the purchase by the Dalton-Kelly Coal Corporation from the Main Island Creek Coal Company of 350,000 tons of coal, at the price of $6 per ton, f. o. b. at mines, the same to be delivered during the period beginning July 20 and ending December 31, 1920; that the price of $6 per ton was grossly inadequate, and resulted in serious loss to the Main Island Creek Coal Company, and was a fraud upon that company, perpetrated in the manner indicated by Dalton and Kelly by means of the organization and operation of the said two companies, and by reason of their dual relation to and domination of said several companies.

The case was heard in the District Court upon bill, answer, and affidavits. All of the defendants, save one Jones, a director in the Main Island Creek Coal Company, who acted in co-operation with the complainant—that is to say, all three of the corporations mentioned, and the officers and directors of the Main Island Creek Coal Company, and the said A. J. Dalton and John A. Kelly individually—positively denied every averment of complainant's bill that charged collusion and fraud on the part of either of the companies, or any of their officers or directors, or of any of said individuals, and particularly that there was any wrong thought of in connection with the contract for the sale of 350,000 tons of coal at the price of $6 per ton, and, on the contrary, they averred that the contract was greatly beneficial to the Main Island Creek Coal Company, and was made and entered into particularly in the interest of said last-named company.

The decree appealed from enjoined and restrained the Dalton-Kelly Coal Corporation, Atlantic Fuel & Steamship Company, all officers, directors, agents, and servants of each of said corporations, and A. J. Dalton and John A. Kelly from selling, alienating, or in any manner disposing of, or transferring, the moneys, choses in action, securities, assets, or effects whatsoever, of either of said Dalton-Kelly Coal Corporation or Atlantic Fuel & Steamship Company, and from in any manner disposing of or transferring any documents contract obligations accounts, or papers belonging to or in the possession and control

of either of said last-named corporations, and of said A. J. Dalton and John A. Kelly, and the said Dalton and Kelly were restrained from selling, alienating, or in any manner disposing of the stock held by them, either in their own names or by reason of the beneficial ownership, in the said Dalton-Kelly Coal Corporation or the Atlantic Fuel & Steamship Company. The appellants urge the dissolution of the injunction, assigning many errors to the action of the court in granting the same, and insist that the same was improvidently awarded, and that its continued operation will result most seriously to them financially.

The conclusions reached by this court, upon full consideration of the whole testimony and the arguments of counsel thereon, taking into consideration the practice properly controlling on the application for a preliminary injunction, are:

First. That the injunction against the Atlantic Fuel & Steamship Company should be dissolved, the evidence in our judgment failing to show such connection with, interest in, or complicity on the part of the said company, or its officers and directors, in any of the transactions involved in the suit, as would warrant the injunction against said company or its officers and directors.

Second. That the injunction against the Dalton-Kelly Coal Corporation, A. J. Dalton, and John A. Kelly, taking into account the contract in question between the said two companies, and the dominating control the said Dalton and Kelly hold and exercise over the same, should be modified as follows: That the injunction against the said defendants should stand dissolved upon the execution by the Dalton-Kelly Coal Corporation, or some one for it, of a bond in the penal sum of $100,000 with good security, payable and conditioned to pay, carry out, and perform the final decree entered in this cause, in connection with the contract for the purchase of 350,000 tons of coal, by the said company from the Main Island Creek Coal Company, the said bond to be executed before the clerk of the District Court, and to be approved by the judge of said court or one of the judges of this court.

The execution of this bond should reasonably safeguard the interest of complainant, and cannot properly be objected to by the appellants, in the light of the fiduciary relation that A. J. Dalton and John A. Kelly, the owners of the Dalton-Kelly Coal Corporation, hold and bear to the Main Island Creek Coal Company, of which complainant is a minority stockholder, and especially in the light of the admission on the part of the defendants that the contract complained of resulted favorably to the said Dalton-Kelly Coal Corporation to the extent of approximately $61,000, though said last-named company, and the said A. J. Dalton and John A. Kelly, insist that the contract was in all respects a fair and profitable one for the Main Island Creek Coal Company to have entered into, and that the Dalton-Kelly Coal Corporation was solely interested in any profits thus arising.

The giving of this bond is in no manner to prejudice or affect the interest of the Dalton-Kelly Coal Corporation, or of the said Dalton and Kelly individually, or any of the defendants, upon the final hear-

ing on the merits of the cause, nor should the giving of the bond affect the liability of the complainant under the injunction bond executed by him; and by the modification of the injunction and requiring said bond the court means in no wise to express or indicate any opinion on the merits of the cause.

Third. That the costs of this appeal should be borne equally between the complainant and the Dalton-Kelly Coal Corporation.